# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1560

_____

Ceolia Witt,                          *
                                      *
            Appellant,                *
                                      *  Appeal from the United States
      v.                              *  District Court for the
                                      *  Western District of Missouri
World Travel Partners I, LLC; BTIA    *
Americas, Inc. and Affiliated and     *      [UNPUBLISHED]
Related Entities,                     *
                                      *
            Appellees.                *

_____

Submitted: January 6, 2004

Filed: January 22, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ceolia Witt appeals from the final judgment entered in the District Court[1] for the Western District of Missouri following the district court's partial adverse grant of summary judgment, and the court's subsequent judgment for defendants after a bench trial, in Witt's employment discrimination suit against her former employer.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

For reversal, Witt notes that she lacks counsel and argues that she should receive severance pay. For the reasons discussed below, we affirm.

Although we decline appellees' invitation to dismiss this appeal based on Witt's noncompliance with Fed. R. App. P. 28(a), we address only the matters raised in Witt's brief. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (failure to raise or discuss issue in brief is deemed abandonment of issue). According to the deposition testimony in the record, Witt declined severance pay and we are unable to discern without a trial transcript what additional evidence, if any, was adduced at trial as to severance pay or the lack of it. See Schmid v. United Bhd. of Carpenters, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (appellant's failure to provide complete transcript makes it impossible to review evidence presented at trial), cert. denied, 484 U.S. 1071 (1988). Based on our review of the limited record before us, we conclude that Witt's receipt of severance pay is not material to the issues that were raised by Witt and decided by the district court.

Further, Witt's lack of counsel is not a basis for reversal.

Accordingly, we affirm the judgment of the district court.

_____